IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMAAL CHARLES,

      **Plaintiff,**

v.

CORRECTIONAL OFFICER
CRAWFORD and
SERGEANT BRIDWELL,

      **Defendants.**

Case No. 25-cv-2057-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jamaal Charles, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Charles alleges that Correctional Officer ("C/O") Crawford and Sergeant Bridwell used excessive force in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On November 24, 2023, Charles was moved to segregation and correctional officers confiscated his gym shoes (Doc. 1, pp. 5, 9). Charles alleges that he has a medical permit for his shoes and is allowed to have them in segregation. He spoke to Nurse Newly about his shoes and she brought him his medical permit to show the officers (*Id*. at p. 5). The following day, he notified C/O Crawford about his medical permit. Charles stuck his right arm through his chuckhole to present the permit to Crawford and told him to go get his gym shoes (*Id*.). Crawford took the medical permit, looked at it, balled the paper up, and threw it back at Charles (*Id*.). Crawford then grabbed Charles's right hand and started twisting his fingers and wrist (*Id*.). He also hit Charles's arm (*Id*.).

In response, Charles grabbed the chuckhole because Crawford was trying to push his arm back inside his cell (Doc. 1, p. 6). Despite Crawford punching Charles multiple times in the arm, Charles refused to let go of the chuckhole. Charles alleges that Crawford and Sergeant Bridwell took the lid off of his chuckhole (*Id*.).

Lieutenant Livingston then approached and inquired as to what was going on (Doc. 1, p. 6). Charles produced his medical permit for his gym shoes (*Id*.). Livingston instructed Charles to put his arm back in his cell and directed Crawford to fetch the gym shoes (*Id*.).

As a result of the encounter, Charles alleges that he experienced swelling in his hand and pain in his entire arm. He received pain medication and ointment for the cuts and scrapes on his hand (*Id*.).

**Discussion**

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment excessive force claim against C/O Crawford and Sergeant Bridwell for their use of force against Charles on November 24, 2023.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Charles states a viable claim for excessive force against C/O Crawford. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) ("The core requirement for such a claim is that [the defendant] used force not 'in a good-faith effort to maintain or restore discipline,' but 'maliciously and sadistically to cause harm.'"). Charles alleges that Crawford twisted his fingers and wrist, as well as punched his arm, in response to Charles requesting his gym shoes. That is enough at this stage to state a viable claim.

But Charles fails to state a claim against Sergeant Bridwell. Bridwell's role in the incident is not entirely clear from the pleadings. Charles merely alleges that Bridwell

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

helped Crawford remove the lid on the chuckhole when Charles refused to let go of it. There are no allegations to suggest that he participated in the twisting or punching, nor are there any allegations to suggest that Bridwell used force in any other fashion. Because the allegations fail to allege that Bridwell used force against Charles, the claim against Bridwell is dismissed.

### Disposition

For the reasons stated above, Count 1 shall proceed against C/O Crawford. The claim against Sergeant Bridwell is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for C/O Crawford: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Charles. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Charles, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the

address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Charles, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Charles is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  February 9, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**